[No. 1371-2.   Division Two.   October 20, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT LEE
REED, *Appellant*.

*Jack Tanner* and *Frank Burgess*, for appellant.

*Donald Herron, Prosecuting Attorney*, and *J. D. Mladi-nov, Special Counsel*, for respondent.

WILLIAMS, J.*—Defendant Robert Lee Reed was tried and convicted by a jury of the crime of first-degree murder. From the judgment and sentence imposed thereon he appeals to this court and assigns as error the failure of the trial court to grant his motion for a new trial, that the verdict is not supported by the evidence, and that the defendant was not afforded due process of law.

Reed's first assignment of error is based on the allegation that there was misconduct on the part of the jury which affected the verdict. The affidavit of juror Hohnsbehn, upon which defendant relies, was contradicted for the most part by juror Heffron. This conflict apparently was decided adversely to defendant's position by the trial judge which in effect disposed of the basis for defendant's

*Judge William H. Williams is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

objection. However, even taking the affidavit of juror Hohnsbehn as true, it does not contain such facts as would show misconduct on the part of the jury. In fact, defendant does not point out in his brief any portions of the affidavit which would show misconduct. The affidavit merely states the juror's mental impressions and the effect that the conduct of the other members of the jury had on her deliberations and verdict, which cannot be the basis for sustaining a charge of misconduct. *Gardner v. Malone*, 60 Wn.2d 836, 376 P.2d 651 (1962). That case specifically holds that allegations by a juror that he was influenced by an improper remark of a fellow juror or that he assented to the verdict because of weariness or illness or importunities cannot be considered by the court in determining whether the jury was guilty of misconduct. The assignment of error is without merit.

In his second assignment of error defendant contends that the State failed to show any evidence tending to prove premeditation so as to sustain the conviction of first-degree murder. There was direct evidence from eyewitnesses clearly showing that the defendant murdered the deceased by shooting him through the back of the head while he was playing pool. There is substantial evidence that the defendant arrived at the scene of the crime armed with a loaded revolver with the express purpose in mind of murdering the deceased because he had "snitched on him." The act had all the earmarks of an assassination and there was substantial evidence from which the jury could find that the killing was done with premeditation. The assignment of error is, therefore, without merit.

■■ Defendant's third assignment of error was based on the erroneous contention that the trial court should have considered the credibility of two eyewitnesses to the killing as a matter of law rather than one of fact for the jury. He cites no authority in support of this argument. The eyewitnesses at the trial changed their story from that which they gave the police immediately following the event. The reasons given for the change, if believed by the jury, were

reasonable explanations of the inconsistencies. In any event, whether explained or not, the credibility of the witnesses is a question of fact for the jury. *Browning v. Ward*, 70 Wn.2d 45, 422 P.2d 12 (1966). Further, defendant did not object to the giving of the court's instruction No. 21 which clearly pointed out that the jury was the sole exclusive judge of the evidence and of the credibility of the several witnesses and the weight to be attached to the testimony of each. There being no objection it became the law of the case.

Judgment affirmed.

EVANS (A.C.J.) and LANGSDORF, JJ. Pro Tem., concur.

Petition for rehearing denied December 1, 1975.

Review denied by Supreme Court February 10, 1976.